UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THE THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International            Index # CV-04-4254 (ILG)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                            Plaintiffs,

  -against-                                    **JUDGMENT AND**
                                        **PERMANENT INJUNCTION**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

                            Defendant.
-----------------------------------------------------X

      This action having been commenced on October 1, 2004, by the filing of a Complaint, and a Summons and Complaint having been served on an officer of the Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., on October 26, 2004 by personal service, and Defendant having failed to appear and answer and Defendant being in default, and Defendant not being an infant, incompetent or in the military of the United States,

      NOW, upon application of Avram H. Schreiber, Esq., attorney for Plaintiffs, it is

      ORDERED, ADJUDGED AND DECREED that Plaintiffs THEODORE KING and GARY LA BARBERA, as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds, have judgment against Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., in the amount of $141,664.16, plus costs and disbursements in the sum of $225.00, totaling $141,889.16, and that Plaintiffs have execution therefore, and it is further,

      ORDERED, ADJUDGED AND DECREED, that Defendant and its agents, directors, officers, successors, heirs and assigns, shall not, for so long as they remain obligated to

contribute to the Plaintiff FUNDS, fail, refuse or neglect to submit required contribution reports and payments in accordance with the rules of the Fund, and it is further,

ORDERED, ADJUGDGED AND DECREED, that Defendant's obligation pursuant to this injunction shall remain in force and effect as long as they are signatory to a Collective Bargaining Agreement with Local 282 I.B. of T. and/or are obligated to pay contributions to the Plaintiffs herein pursuant to a Collective Bargaining Agreement, Declaration of Trust or any other obligation to contribute to Plaintiff FUNDS.

Dated: Brooklyn, New York
June 20th, 2005

SO ORDERED AND ADJUDGED

_____
I. LEO GLASSER - U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

               Index # CV-04-4254 (ILG)

        Plaintiffs,

-against-

               **AFFIRMATION IN SUPPORT**
               **OF DEFAULT JUDGMENT**
               **AND PERMANENT INJUNCTION**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

        Defendant.
-----------------------------------------------------------X

Avram H. Schreiber, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, under the penalties of perjury, herein affirms:

1. That I represent Plaintiffs in the within action and am fully familiar with the facts stated herein.

2. I make this affirmation for the purpose of the entry of judgment against Defendant herein.

3. This action was commenced on October 1, 2004. The Summons and Complaint was served on an officer of the Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., on October 26, 2004 by personal service. A copy of the Summons, Complaint and Affidavit of Service is annexed hereto as **Exhibit "A"**.

4. Defendant is not incompetent, an infant or in the military.

5. Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC. has not answered or otherwise appeared in the action and therefore is in default.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

Index # CV-04-4254 (ILG)

                Plaintiffs,

  -against-

**STATEMENT FOR JUDGMENT**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

              Defendant.
----------------------------------------------------------X

| | | |
|---|---|---|
| Amount in Original Complaint | | $ 42,687.08 |
| Additional Amount pursuant to Fourth Cause of Action | | $ 95,606.40 |
| Payment or Credits | | ($ -0- ) |
| | Total | $ 138,293.48 |

\*\*\*

Interest on $28,089.00
    From October 1, 2005
    To June 1, 2005

                                                    $   3,370.68

                        Subtotal        $ 141,664.16

Costs and Disbursements
    Statutory Fee     $ 20.00
    Process Service   $ 55.00
    Filing Fee          $150.00

                                                    $    225.00

                   Grand Total     $ 141,889.16

\*\*\*
Calculated at the rate of 18%
per annum in accordance with
the Declaration of Trust and
29 U.S.C. 1132(g)(2)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

Index # CV-04-4254 (ILG)

Plaintiffs,

-against-

**JUDGMENT AND
PERMANENT INJUNCTION**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

Defendant.
-----------------------------------------------------------X

This action having been commenced on October 1, 2004, by the filing of a Complaint, and a Summons and Complaint having been served on an officer of the Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., on October 26, 2004 by personal service, and Defendant having failed to appear and answer and Defendant being in default, and Defendant not being an infant, incompetent or in the military of the United States,

NOW, upon application of Avram H. Schreiber, Esq., attorney for Plaintiffs, it is

ORDERED, ADJUDGED AND DECREED that Plaintiffs THEODORE KING and GARY LA BARBERA, as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds, have judgment against Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., in the amount of $141,664.16, plus costs and disbursements in the sum of $225.00, totaling $141,889.16, and that Plaintiffs have execution therefore, and it is further,

ORDERED, ADJUDGED AND DECREED, that Defendant and its agents, directors, officers, successors, heirs and assigns, shall not, for so long as they remain obligated to

contribute to the Plaintiff FUNDS, fail, refuse or neglect to submit required contribution reports and payments in accordance with the rules of the Fund, and it is further,

ORDERED, ADJUGDGED AND DECREED, that Defendant's obligation pursuant to this injunction shall remain in force and effect as long as they are signatory to a Collective Bargaining Agreement with Local 282 I.B. of T. and/or are obligated to pay contributions to the Plaintiffs herein pursuant to a Collective Bargaining Agreement, Declaration of Trust or any other obligation to contribute to Plaintiff FUNDS.

Dated: Brooklyn, New York
June 20th, 2005

SO ORDERED AND ADJUDGED

_____
I. LEO GLASSER - U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

Index # CV-04-4254 (ILG)

Plaintiffs,

-against-

**CLERK'S CERTIFICATE**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

Defendant.
-----------------------------------------------------------X

I, Robert C. Heinemann, Clerk of the United States District Court, for the Eastern District of New York, do hereby certify that the docket entries in the above-entitled action indicate that the Summons and Complaint, herein were filed on October 1, 2004, and that the Summons and Complaint were served on an officer of the Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., on October 26, 2004 by personal service. I further certify that the docket entries indicate that Defendant has not filed an answer or otherwise moved with respect to the Complaint herein; and that the time to answer or move with respect to the Complaint has expired. The default of the Defendant is hereby noted.

Dated: Brooklyn, New York
          , 2005

_____
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

Index # CV-04-4254 (ILG)

             Plaintiffs,

-against-

**AFFIRMATION IN SUPPORT
OF DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

             Defendant.
---------------------------------------------------------X

Avram H. Schreiber, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, under the penalties of perjury, herein affirms:

1. That I represent Plaintiffs in the within action and am fully familiar with the facts stated herein.

2. I make this affirmation for the purpose of the entry of judgment against Defendant herein.

3. This action was commenced on October 1, 2004. The Summons and Complaint was served on an officer of the Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC., on October 26, 2004 by personal service. A copy of the Summons, Complaint and Affidavit of Service is annexed hereto as **Exhibit "A"**.

4. Defendant is not incompetent, an infant or in the military.

5. Defendant GALLUZZO EQUIPMENT AND EXCAVATING, INC. has not answered or otherwise appeared in the action and therefore is in default.

6. The complaint contained five causes of action. The first three seek monetary damages in the amount of $42,687.08 for the period of the weeks ending June 8, 2003 through August 17, 2003, March 26, 2004 through April 16, 2004, May 14, 2004 through July 9, 2004, July 23, 2004 through August 6, 2004 and August 20, 2004.

7. As to the fourth cause of action, any amounts which may become due and owing may be included as part of this action at the time of trial or judgment. The Defendant has failed to submit reports and payments for the period of the weeks ending September 24, 2004 through November 5, 2004 and November 26, 2004 through April 29, 2005. For this additional period, there are additional sums due and owing in the amount of $95,606.40.

8. The fifth cause of action seeks a permanent injunction enjoining Defendant from future violations and breaches under the applicable Collective Bargaining Agreement, as such agreement relates to the Plaintiffs herein. Further, the Declaration of Trust and the provisions of ERISA 29 USC 1132 *et seq.* specifically provides for a mandatory injunction in those cases where the employer has failed to produce books and records.

9. Further, the continued refusal of the Defendant to report and pay the contributions and to allow an audit seriously prevents the Plaintiffs-Trustees from assuring that all fund beneficiaries are receiving proper eligibility and pension credits. Further, the Permanent Injunction requires Defendant to do nothing more that it is obligated to do under the applicable Collective Bargaining Agreement.

10. Contemplating the serious adverse effect of violation of ERISA 29 USC 1101, *et seq.*, the legislature specifically provided for injunctive relief to prohibit any such violations. See ERISA, 29 USC 1132(a)(3); *Teamsters Local 639-Employer Trust v. Jones & Artis Construction Co.*, 640 F.Supp. 233 (Dist. Ct.D.C. 1986); *Laborers Fringe Benefit Funds-Detroit*

*and Vicinity v. Northwest Concrete and Construction Inc.*, 640 F.2d 1350 (6th Cir. Ct. App. 1981*); Van Drivers Union Local No. 392, et al. v. Neal Moving & Storage*, 551 F.Supp. 429 (Dist. Ct. N.D. Ohio 1982).

    *11.* By reason of the above, it is respectfully requested that the Judgment and Permanent Injunction be signed by the Court.

Dated: New York, New York
       June 1, 2005

                                        Avram H. Schreiber
                                        (AS-2860)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International                    Index # CV-04-4254 (ILG)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                    Plaintiffs,

   -against-                                         **STATEMENT FOR JUDGMENT**

GALLUZZO EQUIPMENT AND EXCAVATING, INC.,

                    Defendant.
-------------------------------------------------X

| | | |
|---|---|---|
| Amount in Original Complaint | | $ 42,687.08 |
| Additional Amount pursuant to Fourth Cause of Action | | $ 95,606.40 |
| Payment or Credits | | ($ -0- ) |
| | Total | $ 138,293.48 |

\*\*\*

| | | |
|---|---|---|
| Interest on $28,089.00 From October 1, 2005 To June 1, 2005 | | $ 3,370.68 |
| | Subtotal | $ 141,664.16 |
| Costs and Disbursements | | |
|   Statutory Fee | $ 20.00 | |
|   Process Service | $ 55.00 | |
|   Filing Fee | $150.00 | |
| | | $ 225.00 |
| | Grand Total | $ 141,889.16 |

\*\*\*
Calculated at the rate of 18%
per annum in accordance with
the Declaration of Trust and
29 U.S.C. 1132(g)(2)